Rivera Pérez, Juez Ponente
*804 TEXTO COMPLETO DE LA SENTENCIA
Mediante el presente recurso la parte apelante, señora Carmen M. Torres López, solicita la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado, el 15 de septiembre de 1997, notificada y archivada en autos copia de la misma el 1 de octubre de 1997. El Tribunal de Primera Instancia determinó que la parte demandante, aquí apelante, fue responsable por los daños causados a la persona y vehículo de la parte demandada, aquí apelada. Como consecuencia de dicha determinación, el tribunal a quo ordenó a la parte demandante compensar a la parte demandada en las sumas de dos mil dólares ($2,000) por daños a la propiedad, ocho mil dólares ($8,000) por las lesiones físicas y angustias mentales sufridas, además de la suma de mil quinientos dólares ($1,500) por concepto de honorarios de abogado y las costas del proceso
Inconforme con dicho dictamen, la parte demandante recurre ante nos, mediante el presente recurso de apelación presentado el 28 de marzo de 1997. Por su parte, la parte apelada presentó ante este Tribunal su oposición el 31 de marzo de 1998. Contando con la posición de ambas partes, nos encontramos en posición de resolver.
I
El 12 de septiembre de 1994, la parte demandante, aquí apelante, señora Carmen M. Torres López, presentó demanda por daños y perjuicios contra la parte demandada, aquí apelada.
En la misma se alegó que como consecuencia de la conducta negligente del co-demandado, señor Juan A. Lugo Quiles, ocurrió la colisión de los vehículos de las partes en el pleito de autos, y que dicho accidente produjo daños que era responsabilidad de la parte demandada reparar.
La parte demandada, por su parte, presentó contestación a la demanda, en la que negó gran parte de los hechos alegados y, a su vez, presentó reconvención atribuyéndole la causa del accidente a la conducta negligente de la demandante, reclamándole el pago de los daños que dicha conducta le ocasionó.
El 14 de agosto de 1996, el Tribunal de Primera Instancia procedió a celebrar la vista en su fondo. Desfilada la prueba de las partes ante el tribunal a quo, éste llegó a las conclusiones de hechos que, en lo pertinente a la controversia ante nos, desglosamos a continuación.
La demandante-apelante se encontraba en horas de la mañana, aproximadamente a las 8:00 A. M., conduciendo su vehículo por la Carretera Número 129, en dirección de Lares a Arecibo. El co-demandado, señor Juan A. Lugo Quiles, se encontraba en su vehículo transitando por la misma carretera, pero en dirección contraria. Al llegar al kilómetro 19.9, en el sector Callejón de Lares, ocurrió el impacto entre los vehículos.
La colisión provocó que ambos vehículos resultaran pérdida total. El vehículo de la demandante-apelante tenía un valor de siete mil dólares ($7,000), mientras que el del co-demandado apelado, señor Lugo Quiles, tenía un valor de cinco mil dólares ($5,000), que por razón de la colisión fue vendido en quinientos dólares ($500). El señor Lugo Quiles resultó con heridas que hicieron necesario fuera trasladado a un hospital.
La Policía de Puerto Rico se personó al lugar y se hizo cargo de la investigación. Como resultado de la investigación se radicó un cargo criminál contra la parte demandante-apelante, del cual posteriormente salió absuelta.
La vía de rodaje donde ocurrió la colisión era una amplia y de visibilidad completa.
El impacto sufrido por ambos vehículos fue en su parte frontal. El vehículo del demandado sufrió daños en el lado izquierdo, mientras que el de la demandante sufrió el impacto en el lado derecho.
*805 El día de la colisión transitaba en la misma dirección y carretera por la que transitaba la parte demandante-apelante el señor Edwin Soto Rodríguez, quien se dirigía de Lares a Arecibo para llevar a su progenitora al Centro Médico de Arecibo a practicarle una operación. Este se percató y vio cuando la demandante-apelante rebasó su vehículo a velocidad considerable, al igual que a otro vehículo cerca del Restaurante Taino. Esa persona observó cuando la señora Carmen M. Torres López impactó el vehículo del señor Lugo Quiles, en el carril por el cual transitaba. Tal evento ocurrió en la entrada de la iglesia localizada en la Carretera Número 129, Barrio Callejones de Lares.
El demandado trabajaba como guardia de seguridad. Había trabajado en los tumos de 2:00 P. M. a 10:00 P.M., el viernes 26 de noviembre de 1993; de 8:00 P. M. a 4:00 A. M., el sábado 27 de noviembre de 1993; de 6:00 P M a 7:00 P.M., el domingo 28 de noviembre de 1993.
El día de la colisión, el señor Lugo Quiles había rendido sus labores y se dirigía hacia su hogar. En la Carretera Número 129, kilómetro 19.9, se percató de que la demandante-apelante transitaba a velocidad exagerada, y al tratarle de pasar a un vehículo que en esos momentos estaba detenido para doblar a la izquierda, invadió el carril opuesto por donde transitaba el señor Lugo Quiles, impactando el vehículo de éste por el lado frontal izquierdo. El vehículo resultó pérdida total, y el señor Lugo Quiles sufrió fracturas en una pierna que le mantuvieron enyesada por dos (2) meses. Por tal período de tiempo, dicha lesión lo mantuvo fuera de su trabajo.
El mismo día y hora en que ocurrió la colisión, el señor Regalado del Valle Pérez se encontraba conduciendo su vehículo a una distancia de cuatro (4) a cinco (5) vehículos detrás del demandado. Cuando ocurrió la colisión, dicha persona observó al señor Lugo Quiles tirado en el paseo de la carretera, en el carril de Arecibo a Lares, procediendo a transportarlo en su vehículo al hospital. El señor Regalado del Valle no escuchó frenazo ni toque de bocina alguno en el lugar de la colisión.
Ante el cuadro fáctico antes descrito, el Tribunal de Primera Instancia determinó que la parte demandante-apelante no había actuado como una persona prudente y razonable, por lo que su conducta fue la causa del accidente y tenía, como consecuencia de sus actos, que reparar los daños ocasionados.
No estando conforme con dicha determinación, la parte demandante-apelante recurre ante nos, señalando como errores cometidos por el Tribunal de Primera Instancia los siguientes:

"A) El Honorable Tribunal formuló determinaciones de hechos sobre prueba que nunca fue admitida en evidencia.

B) El Honorable Tribunal confundió [sic] la prueba presentada por las partes y por dicho motivo realizo [sic] una interpretación de la prueba no objetiva y contraria al más justo balance racional que de la prueba legalmente admitida podía efectivamente extraer de acuerdo a la Ley de Evidencia. Esto esta [sic] justificado por el hecho transcurrido entre la fecha en que se ventila el juicio y en que se dictó sentencia.

C) El Honorable Tribunal concedió daños a la parte apelada sin que esta [sic] presentara ningún tipo de evidencia pericial o científica [sic] que justificara la concesión de dichos daños y que se estableciera relación causal alguna entre los daños concedidos y la negligencia imputada.

D) Erró el Honorable Tribunal al declarar NO HA LUGAR la demanda y HA LUGAR la reconvención, sin prueba alguna para declarar HA LUGAR la Reconvención.

E) Erró el Tribunal al imponer a la Apelante [sic] $1,50000 por concepto de honorarios de abogado determinando que era temeraria al radicar su acción."

II
Consideraremos, en primer lugar, el segundo error señalado por la parte demandante-apelante. Arguye dicha parte, que si se hubiese considerado su testimonio junto a aquél vertido por el demandado-apelado, señor Lugo Quiles, en el sentido de que se quedó dormido, era inevitable la conclusión del Tribunal de Primera Instancia de que la colisión se debió a la negligencia de éste.
*806 Este Tribunal ha señalado repetida e invariablemente que es principio de nuestra función apelativa no intervenir con las determinaciones de hechos que realice el foro de primera instancia, en ausencia de prejuicio, pasión, parcialidad o error manifiesto en la apreciación de la prueba. Un tribunal apelativo no debe intervenir innecesariamente con lo determinado por el Tribunal de Primera Instancia, porque podría estar usurpando sus facultades adjudicativas. Los juzgadores de hechos merecen respeto y confiabilidad en la solución justiciera de los conflictos, en la evaluación de la evidencia admitida y en la apreciación imparcial de la misma.
La norma de deferencia establecida se fundamenta en el hecho de que es dicho foro quien está en mejor posición de aquilatar la prueba presentada y admitida, toda vez que es ante este tribunal que desfila el testimonio de los testigos utilizados por las partes. El Tribunal de Primera Instancia goza de la oportunidad de obtener la información directamente, observando el comportamiento de tales testigos y escuchando las argumentaciones orales de las partes. 
Lo señalado anteriormente no significa que renunciemos a nuestra función revisora en instancias apropiadas y meritorias. Por ello, aunque a tenor con esta doctrina las determinaciones del juzgador de instancia gozan de gran deferencia de parte de este Tribunal, intervendremos en casos en que dicho foro haya actuado con arbitrariedad, haya incurrido en abuso de su discreción, o en aquellos casos en que actué movido por pasión, prejuicio, parcialidad o incurrido en error manifiesto en la apreciación de la prueba.
En el caso de autos, la parte apelante hace un recuento a este Tribunal de lo que entiende debió haber formulado el tribunal a quo como sus conclusiones de hechos. Basada en su testimonio, la demandante-apelante insiste en que la causa de la colisión es sólo atribuible al cansancio del co-demandado-apelado, señor Juan A. Lugo Quiles, que por estar dormido ocasionó el accidente.
Dispone, en parte, la Regla 43.2 de Procedimiento Civil de 1979, lo siguiente:

"Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos."

Es evidente, que el análisis de la parte demandante-apelante obvia e ignora los testimonios vertidos por los testigos presentados por la parte demandada-apelada y el propio testimonio del co-demandado apelado, señor Juan A. Lugo Quiles. Según surge de la exposición narrativa aprobada por el tribunal a quo, el co-demandado apelado, señor Juan A. Lugo Quiles, expresamente negó haber hecho alguna expresión dirigida a aceptar que se quedó dormido cuando ocurrió el accidente. Por el contrario, el co-demandado-apelado, señor Lugo Quiles, indicó que estando acostado en el pavimento no pudo pronunciar palabra, por motivo de sus quejidos a causa del dolor que le produjeron las lesiones sufridas por razón del accidente. Además del testimonio del co-demandado apelado, señor Juan A. Lugo Quiles, el Tribunal de Primera Instancia evaluó el testimonio del señor Edwin Soto Rodríguez, quien ofreció una versión de los hechos coherente con la presentada por la parte demandada-apelada, en lo referente al manejo negligente del vehículo conducido por la parte demandante-apelante, y a la cual el juzgador de los hechos concedió entero crédito.
Las conclusiones de hechos del Tribunal de Primera Instancia fueron formuladas luego de considerada la totalidad de la prueba que desfiló ante sí. El testimonio de la parte demandante-apelante fue parte de la pmeba a considerar, en conjunto con los testimonios de los testigos presentados por la parte demandada-apelada, además del propio testimonio del co-demandado apelado, señor Juan A. Lugo Quiles, y el resto de la evidencia admitida. La parte demandante-apelante pretende de este Tribunal la sustitución del análisis realizado por el juzgador de hechos de la prueba presentada y admitida, bajo el fundamento de que su testimonio es el único creíble. Lo cierto es que en el caso de autos la parte demandada-apelada presentó, además del testimonio del co-demandado-apelado, señor Juan A. Lugo Quiles, el testimonio de otros testigos que confirmaron el cuadro fáctico acogido por el tribunal a quo. Para lograr el propósito de la demandante-apelante, ésta tenía que demostrar a través de la exposición narrativa de la prueba oral aprobada que el análisis realizado por el tribunal a quo fue uno en que medió error manifiesto o prejuicio, parcialidad o pasión. Sin embargo, del expediente ante nuestra consideración no surge tal situación que nos incline a *807 intervenir con la determinación del tribunal apelado. De alterar el juicio que sobre la veracidad de dicha prueba realizó el Tribunal de Primera Instancia en este caso, constituiría una usurpación por este Tribunal de las funciones adjudicativas de dicho tribunal. Se impone en este caso el respeto a la aquilatación de la credibilidad de la prueba por el foro primario, en consideración a que "sólo tenemos récords mudos e inexpresivos". 
III
En el primer error señalado, la parte demandante-apelante arguye que incidió el tribunal a quo al admitir como prueba un informe de la Policía y unos "papeles" de la Administración de Compensación por Accidentes de Automóviles, conforme a los principios de admisibilidad y pertinencia que establecen las Reglas de Evidencia. La parte apelante no incluyó los papeles de la Administración de Compensación por Accidentes de Automóviles a los que alude, razón por la cual no estamos en condiciones de evaluarlos y resolver la controversia en tomo a los mismos. Sin embargo, contamos con el informe de la Policía que fue presentado y admitido como pmeba por el tribunal a quo, por lo que procedemos a discutir la admisibilidad del mismo a continuación.
El error señalado nos obliga a repasar brevemente lo dispuesto en la Regla 18 de las de Evidencia. Dicha disposición establece, como principio general, que:

"(A) Excepto cuando de otro modo se disponga por ley o por estas reglas, toda evidencia pertinente es admisible. Evidencia no pertinente es inadmisible.

(B) Evidencia pertinente es aquella tendente a hacer la existencia de un hecho más probable o menos probable de lo que sería sin tal evidencia; dicho hecho debe a su vez, referirse a una cuestión en controversia o a la credibilidad de algún testigo o declarante."

Sobre lo que constituye evidencia pertinente, el Tribunal Supremo ha expresado que es aquella que tiene un mínimo valor probatorio en relación con las cuestiones en controversia o la credibilidad de un testigo o declarante. No se trata de si la evidencia es suficiente para demostrar el hecho en controversia y ni siquiera que, de ser creída, haga tal hecho más probable que otros hechos o hipótesis de lo que ocurrió. Es pertinente la evidencia que, en alguna medida, ayude al juzgador a decidir si el hecho en controversia ocurrió o no ocurrió. 
La pregunta a contestar en este caso sería, ¿ayuda dicho informe al juzgador de los hechos a determinar la ocurrencia de la colisión y los daños sufridos? Entendemos que tal documento le sirvió al juzgador de hechos para adjudicar la controversia ante sí. En el informe de la policía se relatan los hechos que rodearon la colisión, las partes que intervinieron en el lugar de los hechos, y los daños sufridos a causa del mismo, información de gran ayuda para el descargo de la función del Tribunal de Primera Instancia.
Decidido lo anterior, nos corresponde determinar si la prueba presentada, aunque pertinente y material, cae en una de las categorías de las que las Reglas de Evidencia excluyen como prueba a ser admitida.
Como es sabido, bajo la definición de lo que constituye prueba de referencia, la Regla 60 de las de Evidencia incluye las aseveraciones orales o escritas, razón por lo cual el informe policial presentado como evidencia es prueba de referencia. También es sabido que declaraciones de referencia no son admisibles en evidencia. Habría que determinar si el informe policial utilizado constituye una de las excepciones a la inadmisibilidad de la prueba de referencia.
Como bien ha indicado el Tribunal Supremo las excepciones a la discutida regla son tan innumerables que constituyen gran parte de la Ley de Evidencia. La admisión de documentos, expedientes o récords públicos forma una de las excepciones a la inadmisibilidad de la prueba de referencia, Regla 65(h) de las de Evidencia, supra. Nuestro más Alto Foro ha explicado que la razón para que dichos documentos constituyan una excepción al principio general de inadmisibilidad de prueba de referencia, es que tales documentos son preparados por personas que no tienen motivo alguno para suprimir o alterar la verdad, además de que se realizan como parte del desempeño de un deber público. 
*808 La parte demandante-apelante arguye que el informe de la Policía presentado no podía ser utilizado como prueba, por razón de que el oficial de la Policía que redactó el informe no estuvo presente en el juicio. La Regla 65 de las de Evidencia, supra, explícitamente dispone que prueba de referencia del tipo descrito en esta categoría puede ser utilizada aunque el declarante no esté disponible como testigo. El documento fue ofrecido para ilustrar la ocurrencia de la colisión. Fue preparado dentro del ámbito de los deberes del policía y al poco tiempo de haber ocurrido el evento. Cumplidas las condiciones exigidas por la Regla 65(h) de las Reglas de Evidencia, supra, y siendo pertinente y material la prueba objetada, determinamos que no erró el tribunal sentenciador al admitir el informe de la Policía como evidencia.
IV
En la discusión de los errores tres y cuatro, la parte demandante-apelante alegó que el tribunal a quo erró al conceder indemnización a la parte demandada-apelada, porque dicha parte no demostró con prueba pericial los daños reclamados.
El argumento no merece mayor consideración. En nuestra jurisdicción los daños sufridos que se alegan en una acción bajo el Artículo 1802 del Código Civil tienen que probarse, bajo el principio de la preponderancia de la prueba, que significa establecer como hechos probados aquellos que con mayor probabilidad ocurrieron. 
La carga de la prueba en una acción en la que se exige responsabilidad extracontractual reside en el demandante. Cualquier hecho, incluyendo los daños que alega haber sufrido una parte, puede ser probado mediante prueba directa o indirecta. En el caso de autos la parte apelada presentó abundante prueba de los daños recibidos a través de su testimonio y de los testimonios de los testigos presentados, los cuales una vez creídos por el juzgador de los hechos, conforman la prueba mínima necesaria para establecer los daños reclamados.
V
El último señalamiento de error de la parte demandante-apelante hace referencia a la imposición que le hiciera el tribunal a quo de pagar una cantidad por concepto de honorarios de abogado por actuar con temeridad.
Hemos sido consistentes al señalar que la determinación sobre si una parte ha procedido con temeridad descansa en la sana discreción del Tribunal de Primera Instancia. La partida de honorarios de abogado concedida no será variada en apelación, a menos que la misma sea excesiva, exigua o constituya un abuso de discreción. 
El interés judicial primordialmente tutelado en materia de honorarios de abogado es el de temeridad. Su imposición es de carácter disuasivo-punitivo. El principal objetivo de la imposición de los honorarios de abogado es la de castigar a aquel litigante perdidoso que, por su terquedad, obstinación, frivolidad o insistencia -en actitud desprovista de fundamentos- obliga a la parte contraria a asumir innecesariamente las molestias, gastos e inconvenientes de un pleito. Cuando una parte ha procedido con temeridad, el tribunal deberá imponerle en su sentencia el pago de una suma por concepto de honorarios de abogado. Determinada la temeridad de una parte, la condena de honorarios es imperativa. 
La jurisprudencia le ha concedido a los tribunales sentenciadores una amplia discreción en la imposición de honorarios de abogado. También hemos repetido que en ausencia de elementos que conduzcan a este Tribunal a determinar que el Tribunal de Primera Instancia actuó en abuso de la mencionada discreción, no intervendremos con dicha determinación. En el caso de autos nos parece evidente que el Tribunal de Primera Instancia estimó que la parte demandante-apelante instó la presente acción judicial ante dicho Tribunal sin fundamento alguno que la sustentara. Aunque en el escrito de apelación dicha parte arguye que contaba con una certificación para probar los daños que sufrió su propiedad, lo cierto es que la acción entablada era una bajo el artículo 1802 del Código Civil, supra, en el que es elemento esencial demostrar por la parte que reclama la indemnización, que un acto negligente o culposo fue producido por la persona que inflige el daño. No habiendo demostrado la parte demandante-apelante abuso de discreción por parte del tribunal apelado, no intervendremos con la imposición de honorarios de abogados impuesta.
*809 YI
Por los fundamentos antes expuestos, y no habiéndose cometido ninguno de los errores señalados, confirmamos la sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General